1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
   PATRICIA N. SYVERSON (203111)
3  2325 E. Camelback Road, Suite 300
   Phoenix, AZ 85016
4  eryan@bffb.com
   psyverson@bffb.com
5  Telephone: (602) 274-1100

6  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
7  MANFRED MUECKE (222893)
   600 W. Broadway, Suite 900
8  San Diego, California 92101
   mmuecke@bffb.com
9  Telephone: (619) 756-7748

10 STEWART M. WELTMAN LLC
   STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)
11 122 S. Michigan Avenue, Suite 1850
   Chicago, Illinois 60603
12 sweltman@weltmanlawfirm.com
   Telephone: 312-588-5033
13 (Of Counsel Levin, Fishbein, Sedran & Berman)

14 Attorneys for Plaintiff

15            UNITED STATES DISTRICT COURT

16           CENTRAL DISTRICT OF CALIFORNIA

17 GUILLERMINA CONTRERAS, On          Case No.: 2:12-cv-07099-GW-SH
   Behalf of Herself and All Others Similarly
18 Situated,                          SECOND AMENDED CLASS ACTION
                                       COMPLAINT FOR:
19            Plaintiff,
                                       1.  VIOLATION OF THE UNFAIR
20 v.                                      COMPETITION LAW, Business and
                                           Professions Code §17200 *et seq.*;
21 JOHNSON & JOHNSON CONSUMER          2.  VIOLATION OF THE CONSUMERS
   COMPANIES, INC.,                        LEGAL REMEDIES ACT,
22                                         Civil Code §1750 *et seq.*; and
              Defendant.               3.  BREACH OF EXPRESS
23                                         WARRANTY.

24                                     DEMAND FOR JURY TRIAL

25

26

27

28

Plaintiff Guillermina Contreras brings this action on behalf of herself and all others similarly situated against Defendant Johnson & Johnson Consumer Companies, Inc. ("J&J" or "Defendant") and states:

## NATURE OF ACTION

1.      J&J distributes, markets and sells Aveeno Active Naturals Continuous Protection Sunblock Lotion For The Face With SPF 100+ ("Aveeno SPF 100+"), an over-the-counter sunscreen with an SPF value of 100+ that promises superior, long-lasting protection against skin damage caused by the sun.

2.      Developed over 30 years, the Sun Protection Factor ("SPF") is the most accepted method for evaluating the photo-protective efficacy of sunscreens, being universally considered as the main information in the labeling of sunscreens. The SPF value indicates the level of sunburn protection provided by the sunscreen product. All sunscreens must be tested according to a SPF test procedure.   The test measures the amount of ultraviolet (UV) radiation exposure it takes to cause sunburn when a person is using a sunscreen in comparison to how much UV exposure it takes to cause a sunburn when they do not use a sunscreen.  The product is then labeled with the appropriate SPF value indicating the amount of sunburn protection provided by the product.  Because SPF values are determined from a test that measures protection against sunburn caused by ultraviolet B (UVB) radiation, SPF values only indicate a sunscreen's UVB protection.

3.      Consumers have become familiar with SPF values because SPF values have appeared on sunscreen product labels for many decades.  Consumers have learned to associate higher SPF values with greater sun protection.  Consumers reasonably assume, for example, that a product with a SPF of 100+ (like Aveeno SPF 100+) provides twice the protection of a sunscreen product with a SPF of 55 (like Aveeno Active Naturals Continuous Protection Sunblock Lotion With SPF 55 ("Aveeno SPF 55")).  It does not. Aveeno SPF 100+ does not provide any additional clinical benefit over Aveeno SPF 55. According to the FDA, who has been examining maximum SPF values since 1978,

1    sunscreen products with SPF values over 50 do not provide any increase in clinical benefit

2    over SPF 50 sunscreen products.[1]  The FDA's findings are based on, *inter alia*, scientific

3    tests that demonstrate SPF 100 sunscreens block 99 percent of UV rays, while SPF 50

4    sunscreens block 98 percent – an immaterial difference that provides no additional clinical

5    benefit to consumers against sunburn.

6         4.     J&J's SPF 100+ representation is false, misleading, and reasonably likely to

7    deceive the public.  Indeed, the FDA has expressed "concern[ ] that labeling a product

8    with a specific SPF value higher than 50 would be misleading to the consumer." 76 Fed.

9    Reg. 35672, 35674.[2]  "[T]he agency is concerned that an average sunscreen consumer

10    may ascribe more to high SPF values than is clinically relevant and that such products

11    may further encourage the use of sunscreens as a safe way to prolong exposure." 65 Fed.

12    Reg. 36319.

13         5.     In addition to misrepresenting the SPF value of Aveeno SPF 100+, J&J

14    represents that Aveeno SPF 100+ is a "sunblock", "waterproof" lotion that provides

15    "superior, long-lasting protection" against the sun. The "sunblock," "waterproof" and

16    "superior, long-lasting" representations, particularly when coupled with the "SPF 100+"

17    representation, lull consumers into a false sense of security that they need not reapply the

18    Product except "as needed or after towel drying, swimming, sweating or perspiring" as

19    directed on the back of the Product's label.  Scientific studies establish that sunscreen

20    products are not "waterproof,"[3] do not "block" all UV radiation and must be reapplied

21    every 2 hours to maintain their effectiveness even absent exposure to water or sweat.

22    Based on these studies, among other evidence, the FDA has identified the terms

23    "sunblock" and "waterproof" as "false and misleading." 75 Fed. Reg. 35620, 35661.  The

24

---

[1] Aveeno SPF 55, like Aveeno SPF 100+, provides no additional clinical benefit over SPF 50 sunscreen products.  It is, however, the closest sunscreen product that Aveeno offers for price comparison purposes to a SPF 50 otherwise comparable.

[2] The FDA has proposed a rule that would cap SPF values at "50+".  76 Fed. Reg. 35672.

[3] At best, some sunscreen products are "water resistant," but no product is "waterproof." *See* 76 Fed. Reg. 35620.

1   FDA also has implemented regulations that require the directions for sunscreen products
2   (including water resistant products) to specify, among other things, the product must be
3   reapplied "at least every 2 hours."   21 C.F.R. §201.327(e)(4).[4]   J&J's "sunblock",
4   "waterproof" and "superior, long-lasting protection" claims are false, misleading and
5   reasonably likely to deceive the public.

6         6.    J&J has employed numerous methods to convey its uniform, deceptive
7   "sunblock," "waterproof" and "superior, long-lasting" sunscreen lotion representations to
8   consumers, including advertising inserts, the internet and, importantly, on the Aveeno SPF
9   100+ label where it cannot be missed by consumers.

10         ·7.    The only reason a consumer would purchase the premium priced Aveeno
11   SPF 100+ instead of less expensive, lower SPF value sunscreen products, including
12   Aveeno SPF 55, is to obtain a "superior, long-lasting," "waterproof," "sunblock" lotion
13   with greater UVB radiation protection (collectively, the "sun protection claims"), which
14   Aveeno SPF 100+ does not provide.

15         8.    As a result of J&J's sun protection claims, consumers – including Plaintiff
16   and members of the proposed Class – have purchased a Product that does not perform as
17   advertised.

18         9.    Plaintiff brings this action on behalf of herself and other similarly situated
19   consumers who have purchased Aveeno SPF 100+ to halt the dissemination of this false,
20   misleading and deceptive advertising message, correct the false and misleading perception
21   it has created in the minds of consumers, and obtain redress for those who have purchased
22   the Product.  Based on violations of state unfair competition laws and J&J's breach of
23   express warranty, Plaintiff seeks injunctive and monetary relief for consumers who
24   purchased Aveeno SPF 100+.

25

26

27   [4] The regulation went into effect on June 18, 2012.  Companies, including J&J, have until at least
     December 17, 2012 to comply with the regulation. 77 Fed. Reg. 27591.

28

1

## JURISDICTION AND VENUE

2      10.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The

3   matter in controversy, exclusive of interest and costs, exceeds the sum or value of

4   $5,000,000 and is a class action in which there are in excess of 100 Class members and

5   many members of the Class are citizens of a state different from Defendant.

6      11.     This Court has personal jurisdiction over J&J because J&J is authorized to

7   conduct and does business in California.  J&J has marketed, promoted, distributed, and

8   sold Aveeno SPF 100+ in California and J&J has sufficient minimum contacts with this

9   State and/or sufficiently avails itself of the markets in this State through its promotion,

10  sales, distribution and marketing within this State to render the exercise of jurisdiction by

11  this Court permissible.

12      12.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b)

13  because a substantial part of the events or omissions giving rise to Plaintiff's claims

14  occurred while she resided in this judicial district.  Venue is also proper under 18 U.S.C.

15  §1965(a) because J&J transacts substantial business in this District.

16

## PARTIES

17      13.     Plaintiff Guillermina Contreras resides in Los Angeles, California and is a

18  citizen of California.  In or around May 2012, Plaintiff was exposed to and saw J&J's sun

19  protection claims by reading the Aveeno SPF 100+ label.  In reliance on the sun

20  protection claims, including that the Product's high SPF value would minimize sun

21  damage to her skin, Plaintiff purchased Aveeno SPF 100+ at a Target in Los Angeles,

22  California. Previously, Plaintiff had purchased Aveeno SPF 55 but, believing the Aveeno

23  SPF 100+ would provide additional benefits over the SPF 55 product, in May 2012,

24  Plaintiff decided to purchase Aveeno SPF 100+.  She paid approximately $13.00 for the

25  Product.   The Aveeno SPF 100+ Plaintiff purchased did not provide superior UVB

26  protection and was not a "waterproof" "sunblock" lotion that provided "superior, long-

27  lasting protection" against the sun, as represented.  As a result, Plaintiff suffered injury in

28

fact and lost money.  Had Plaintiff known the truth about J&J's misrepresentations and omissions, she would not have purchased Aveeno SPF 100+.  If J&J were to correct the misrepresentations described herein and accurately represent the benefits of the Product, Plaintiff would consider purchasing Aveeno SPF 100+ in the future.

14.    Defendant Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business at 199 Grandview Road, Skillman, New Jersey.  J&J promoted, marketed and sold Aveeno SPF 100+ to tens of thousands of consumers throughout the United States, including California.

# FACTUAL ALLEGATIONS

*The Aveeno SPF 100+ Product*

15.    J&J distributes, markets and sells the Aveeno Active Naturals line of products, which include products for the skin, hair, and face.  This lawsuit concerns one of those products – Aveeno SPF 100+.  Aveeno SPF 100+ is sold online and at a variety of third-party retailers including Wal-Mart, Target, Walgreens and CVS.

16.    Since launching Aveeno SPF 100+, J&J has consistently conveyed the message to consumers throughout the United States, including California, that Aveeno SPF 100+ is a "waterproof," "sunblock" lotion that provides "superior, long-lasting protection" against the sun and that the Product's 100+ SPF value provides greater sun protection than lower SPF valued products, like Aveeno SPF 55.  It does not.  J&J's sun protection claims are false, misleading and deceptive.

17.    There are only two material differences between Aveeno SPF 100+ and Aveeno SPF 55: (1) the SPF values; and (2) the price.  Aveeno SPF 100+ retails for as much as $2.00 or more than Aveeno SPF 55.  Aveeno SPF 100+ and Aveeno SPF 55 contain the same active ingredients[5] and, except for the SPF value, make virtually the same representations:

---

[5] The active ingredients include: Avobenzone; Homosalate; Octisalate; Oxybenzone; and Octocrylene.

6

| Aveeno SPF 55 | Aveeno SPF 100+ |
|---|---|
| **FRONT LABEL** ||
| SPF 55 | SPF 100 |
| Continuous protection sunblock lotion | Continuous protection sunblock lotion |
| Active photo barrier complex | Active photo barrier complex |
| UVA/UVB protection | Broad UVA/UVB protection |
| Oil free – non-greasy – waterproof | Lightweight – fast absorbing, non-greasy, waterproof |
| **BACK LABEL** ||
| Better, longer-lasting sun protection and to help protect against skin damage caused by the sun | Superior, long lasting protection against skin damage caused by the sun |
| Helps prevent sunburn | Helps prevent sunburn |
| Higher SPF gives more sunburn protection | Higher SPF gives more sunburn protection |
| Provides high protection against sunburn | Provides high protection against sunburn |
| Retains SPF after 80 minutes of activity in the water, sweating or perspiring | Retains SPF after 80 minutes of activity in water or perspiring |
| Unlike ordinary sunscreens, this formula contains the patented ACTIVE PHOTOBARRIER COMPLEX, which maintains broad spectrum protection over time against the sun's harmful rays. | This exclusive formula, which combines ACTIVE PHOTOBARRIER COMPLEX, to maintain broad spectrum sun protection over time, with natural soy protein and vitamin E, helps shield your skin from environmental damage. |

18.    A sunscreen's SPF value is calculated by comparing the time needed for a person to burn unprotected with how long it takes for that person to burn wearing sunscreen.  So a person who turns red after 20 minutes of unprotected sun exposure is theoretically protected 15 times longer if they adequately apply SPF 15.  Importantly, the SPF rating system is non-linear. Also importantly, scientific studies establish that sunscreen products with SPF values over 50 provide no additional clinical benefit to consumers. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers.  Scientific studies also demonstrate that sunscreen products are not "waterproof," do not "block" all UV radiation, and must be reapplied at least every 2 hours, and sooner if swimming or sweating heavily, to maintain their effectiveness.  The FDA already has ruled that the terms "waterproof"[6] and "sunblock"[7] are "false and misleading" and has banned their use.

---

[6] "The agency is concerned . . . that the term 'waterproof' . . . may be confusing or misleading to consumers because of the manner in which consumers may consider this term. The term 'waterproof' is defined as 'impenetrable to or unaffected by water.' . . . The agency believes that the term 'waterproof' could be interpreted by consumers to describe something that is completely resistant to water regardless of time of immersion, a meaning which is not consistent with the meaning of the term in the Panel's recommended monograph." 58 Fed. Reg. 28194, 28228; 64 Fed. Reg. 27666, 27675-27676.
[7] "The agency is concerned that the term 'sunblock' on the label of sunscreen drug products will

1  *See* 21 C.F.R. §201.327(g).   The FDA also requires directions on over-the-counter
2  sunscreen products be revised to state the products must be reapplied "at least every 2
3  hours." *Id* at §201.327(e)(4).

4        19.    And, to stop the false sense of security high numbered SPF products create
5  in the minds of consumers, in June 2011 the FDA proposed a regulation governing the
6  labeling of sunscreen products that would cap SPF values at "SPF 50+." *See* 76 Fed. Reg.
7  35672.  According to the FDA, there is insufficient data "to establish that products with
8  SPF values higher than 50 provide additional clinical benefit over SPF 50 sunscreen
9  products." *Id.* at 35673. In fact, scientific studies establish that there is no added clinical
10 benefit associated with SPF values over 50. The FDA's proposed SPF 50+ rule
11 harmonizes with other countries, including Australia and the European Union, that have
12 imposed similar SPF labeling restrictions to reduce consumer confusion.

13       20.    J&J's sun protection claims are designed to take advantage of health
14 conscious consumers seeking protection from the damaging effects of unprotected sun
15 exposure as increasingly expressed by members of the medical community and
16 documented by the media.  Each and every consumer who purchases Aveeno SPF 100+ is
17 exposed to the 100+ SPF value, which appears prominently and conspicuously in a square
18 on the front and center of the tube set-off from the other representations.  The front shot of
19 the Aveeno SPF 100+ label appears as follows:
20 //
21 //
22 //
23 //
24 //
25 //
26
27 be viewed as an absolute term which may mislead or confuse consumers into thinking that the
   product blocks all light from the sun." 64 Fed. Reg. 27666, 27680.
28

8

1
2
3
4
5
6
7
8



9     21.     The back panel of a representative Aveeno SPF 100+ tube represents, *inter*

10  *alia*, that the Product provides "superior, long-lasting protection against skin damage

11  caused by the sun" but nowhere in the directions or elsewhere on the tube does J&J

12  instruct the consumer the Product must be reapplied at least every 2 hours to maintain

13  effectiveness.

14
15
16
17
18
19
20
21
22
23
24
25
26





27
28

9

*The Impact of J&J's Wrongful Conduct*

22.   Despite the scientific evidence that SPF values higher than 50 provide no additional clinical benefit, no sunscreen is "waterproof" or "blocks" all UV radiation, and sunscreens must be reapplied at least every 2 hours to maintain their effectiveness, J&J continues to claim that Aveeno SPF 100+ provides superior UVB protection and sells the Product for a price premium over lower value SPF products, including Aveeno SPF 55.

23.   As the distributor of Aveeno SPF 100+, J&J possesses specialized knowledge regarding the content and effects of the ingredients contained in its Product and is in a superior position to learn of the effects – and has learned of the effects – its Product has on consumers.

24.   Specifically, J&J knew or should have known, but failed to disclose that Aveeno SPF 100+ does not provide superior UVB protection compared to less expensive, lower value SPF products, including Aveeno SPF 55.

25.   Plaintiff and Class members have been and will continue to be deceived or misled by J&J's deceptive sun protection claims.  Plaintiff purchased and applied Aveeno SPF 100+ during the Class period and in doing so, read and considered the Aveeno SPF 100+ label and based her decision to buy and pay a premium for Aveeno SPF 100+ on the sun protection claims.  J&J's sun protection claims were a material factor in influencing Plaintiff's decision to purchase and use Aveeno SPF 100+.  Plaintiff would not have purchased Aveeno SPF 100+ and paid the premium price had she known that the Product does not provide superior UVB protection.

26.   As a result, Plaintiff and the Class members have been damaged by their purchases of Aveeno SPF 100+ and have been deceived into purchasing a Product that they believed, based on J&J's representations, provides superior UVB protection compared to less expensive, lower valued SPF products, including Aveeno SPF 55, when, in fact, it does not.

27.   J&J has reaped enormous profits from its false marketing and sale of

1    Aveeno SPF 100+.

2                    **CLASS DEFINITION AND ALLEGATIONS**

3         28.    Plaintiff brings this action on behalf of herself and all other similarly

4    situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of

5    Civil Procedure and seeks certification of the following Class against J&J for violations of

6    California state laws and/or similar laws in other states:

7              **Multi-State Class Action**
               All consumers who purchased Aveeno SPF 100+, within the
8              applicable statute of limitations period, in California and states
9              with similar laws for personal use until the date notice is
               disseminated.
10

11             Excluded from this Class are J&J and its officers, directors
               and employees, and those who purchased Aveeno SPF 100+
12             for the purpose of resale.

13        29.    In the alternative, Plaintiff brings this action on behalf of herself and all

14    other similarly situated California consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of

15    the Federal Rules of Civil Procedure and seeks certification of the following Class:

16             **California-Only Class Action**
17             All California consumers who purchased Aveeno SPF 100+,
               within the applicable statute of limitations period, for personal
18             use until the date notice is disseminated.

19             Excluded from this Class are J&J and its officers, directors
               and employees and those who purchased Aveeno SPF 100+
20             for the purpose of resale.

21        30.    **Numerosity.** The members of the Class are so numerous that joinder of all

22    members of the Class is impracticable.   Plaintiff is informed and believes that the

23    proposed Class contains thousands of purchasers of Aveeno SPF 100+ who have been

24    damaged by J&J's conduct as alleged herein. The precise number of Class members is

25    unknown to Plaintiff.

26        31.    **Existence and Predominance of Common Questions of Law and Fact.**

27

28
                                        11

1  This action involves common questions of law and fact, which predominate over any
2  questions affecting individual Class members. These common legal and factual questions
3  include, but are not limited to, the following:

4          (a)    whether the claims discussed above are true, or are misleading, or
5  objectively reasonably likely to deceive;

6          (b)    whether J&J's alleged conduct violates public policy;

7          (c)    whether the alleged conduct constitutes violations of the laws
8  asserted;

9          (d)    whether J&J engaged in false or misleading advertising;

10         (e)    whether Plaintiff and Class members have sustained monetary loss
11 and the proper measure of that loss; and

12         (f)    whether Plaintiff and Class members are entitled to other appropriate
13 remedies, including corrective advertising and injunctive relief.

14     32.   *Typicality.* Plaintiff's claims are typical of the claims of the members of the
15 Class because, *inter alia*, all Class members were injured through the uniform misconduct
16 described above and were subject to J&J's deceptive sun protection claims that
17 accompanied each and every Aveeno SPF 100+ product label and/or package. Plaintiff is
18 advancing the same claims and legal theories on behalf of herself and all members of the
19 Class.

20     33.   *Adequacy of Representation.* Plaintiff will fairly and adequately protect the
21 interests of the members of the Class. Plaintiff has retained counsel experienced in
22 complex consumer class action litigation, and Plaintiff intends to prosecute this action
23 vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

24     34.   *Superiority.* A class action is superior to all other available means for the
25 fair and efficient adjudication of this controversy. The damages or other financial
26 detriment suffered by individual Class members is relatively small compared to the
27 burden and expense that would be entailed by individual litigation of their claims against
28

J&J.   It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.   Furthermore, even if Class members could afford such individualized litigation, the court system could not.   Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.   Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.   By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

35.   The Class also may be certified because J&J has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

36.   Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent J&J from engaging in the acts described, and requiring J&J to provide full restitution to Plaintiff and Class members.

37.   Unless a Class is certified, J&J will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.   Unless a Class-wide injunction is issued, J&J will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

**COUNT I**
**Violation of Business & Professions Code §17200,** *et seq.*

38.   Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39.   Plaintiff brings this claim individually and on behalf of the Class.

40.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of J&J's conduct because she purchased Aveeno SPF 100+ in reliance on J&J's sun protection claims, but did not receive a Product that provides superior UVB protection, was a "waterproof," "sunblock" lotion that provided "superior, long-lasting protection" against the sun as compared to less expensive, lower valued SPF products, including Aveeno SPF 55.

41.     The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.  In the course of conducting business, J&J committed unlawful business practices by, *inter alia*, making the sun protection claims (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

42.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

43.     J&J's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, J&J engaged in false advertising, misrepresented and omitted material facts regarding Aveeno SPF 100+, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

44.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states, resulting in harm to consumers.  J&J's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and

deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, et seq.

45.     There were reasonably available alternatives to further J&J's legitimate business interests, other than the conduct described herein.

46.     Business & Professions Code §17200, et seq., also prohibits any "fraudulent business act or practice."

47.     J&J's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

48.     Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on J&J's material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased Aveeno SPF 100+. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

49.     As a result of its deception, J&J has been able to reap unjust revenue and profit.

50.     Unless restrained and enjoined, J&J will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

51.     Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting J&J from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

//

//

//

**COUNT II**
**Violations of the Consumers Legal Remedies Act –**
**Civil Code §1750 *et seq*.**

52.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of the Class.

54.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act") and similar laws in other states. Plaintiff is a "consumer" as defined by California Civil Code §1761(d).  Aveeno SPF 100+ is a "good" within the meaning of the Act.

55.     J&J violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Aveeno SPF 100+:

(5)     Representing that [Aveeno SPF 100+ has] . . . approval, characteristics, . . . uses [and] benefits . . . which [it does] not have . . . .

*          *          *

(7)     Representing that [Aveeno SPF 100+ is] of a particular standard, quality or grade . . . if [it is] of another.

*          *          *

(9)     Advertising goods . . . with intent not to sell them as advertised.

*          *          *

(16)    Representing that [Aveeno SPF 100+ has] been supplied in accordance with a previous representation when it has not.

56.     J&J violated the Act by representing and failing to disclose material facts on Aveeno SPF 100+ labeling and packaging and associated advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

16

57.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of J&J and for restitution and disgorgement.

58.     Pursuant to §1782 of the Act, by letter dated August 17, 2012, Plaintiff notified J&J in writing by certified mail of the particular violations of §1770 of the Act and demanded that J&J rectify the problems associated with the actions detailed above and give notice to all affected consumers of J&J's intent to so act.

59.     J&J failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.  Therefore, Plaintiff further seeks actual, punitive and statutory damages, as appropriate.

60.     J&J's conduct is fraudulent, wanton and malicious.

## COUNT III
## Breach of Express Warranty

61.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

62.     Plaintiff brings this claim individually and on behalf of the Class.

63.     The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

64.     At all times, California and other states have codified and adopted the provisions in the Uniform Commercial Code governing the express warranty of merchantability.

65.     As discussed above, J&J expressly warranted on each and every Aveeno SPF 100+ tube that the Product is a "superior, long-lasting," "waterproof," "sunblock" lotion with greater UVB protection than lower SPF valued products.  The sun protection

claims made by J&J are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on J&J's representations.

66.   All conditions precedent to J&J's liability under this contract have been performed by Plaintiff and the Class.

67.   J&J was provided notice of these issues by, *inter alia*, the instant Complaint.

68.   J&J breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a "superior, long-lasting," "waterproof," "sunblock" lotion that provides superior UVB protection as represented.

69.   As a result of J&J's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Product they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.   Certifying the Class as requested herein;

B.   Awarding Plaintiff and the proposed Class members damages;

C.   Awarding restitution and disgorgement of J&J's revenues to Plaintiff and the proposed Class members;

D.   Awarding injunctive relief as permitted by law or equity, including: enjoining J&J from continuing the unlawful practices as set forth herein, and directing J&J to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E.   Awarding statutory and punitive damages, as appropriate;

F.   Ordering J&J to engage in a corrective advertising campaign;

G.   Awarding attorneys' fees and costs; and

H.   Providing such further relief as may be just and proper.

//

//

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

Dated: December 13, 2012

                    BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.


                    Elaine A. Ryan
                    Patricia N. Syverson (203111)
                    2325 E. Camelback Road, #300
                    Phoenix, AZ  85016
                    eryan@bffb.com
                    psyverson@bffb.com
                    Telephone:  (602) 274-1100

                    BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.
                    Manfred Muecke
                    600 W. Broadway, Suite 900
                    San Diego, California 92101
                    mmuecke@bffb.com
                    Telephone:  (619) 756-7748

                    STEWART M. WELTMAN LLC
                    Stewart M. Weltman
                    122 S. Michigan Avenue, Suite 1850
                    Chicago, Illinois 60603
                    sweltman@weltmanlawfirm.com
                    Telephone:  312-588-5033
                    (Of Counsel Levin, Fishbein, Sedran & Berman)


                    Attorneys for Plaintiff

19

CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2012, I filed the foregoing **SECOND AMENDED CLASS ACTION COMPLAINT** with the Clerk of this Court, and served a copy of the foregoing document via Electronic Mail and the United States Postal Service to:

> RICHARD B. GOETZ
> rgoetz@omm.com
> AMY J. LAURENDEAU
> alaurendeau@omm.com
> O'MELVENY & MYERS LLP
> 400 S. Hope Street
> Los Angeles, CA 90071-2899
>
> *Attorneys for Defendant*
> *Johnson & Johnson Consumer Companies, Inc.*

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

PATRICIA N. SYVERSON
BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
psyverson@bffb.com
Telephone:   (602) 274-1100