BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
eryan@bffb.com
PATRICIA N. SYVERSON (S.B. #203111)
psyverson@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100

Attorneys for Plaintiff
Guillermina Contreras

RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
AMY J. LAURENDEAU (S.B. #198321)
alaurendeau@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant
Johnson & Johnson Consumer Companies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GUILLERMINA CONTRERAS, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Case No. 12-CV-7099 GW (SHx)<br><br>**STIPULATED PROTECTIVE ORDER** |

1    Plaintiff Guillermina Contreras ("Plaintiff") and Defendant Johnson &

2  Johnson Consumer Companies, Inc. ("Defendant"), through their counsel of record,

3  hereby stipulate and respectfully request that the Court enter the following

4  Protective Order (the "Order"), in order to expedite the flow of discovery material

5  in this litigation, facilitate the prompt resolution of disputes over confidentiality,

6  adequately protect confidential material, and ensure that protection is afforded only

7  to material so entitled.

8    Plaintiff and Defendant (collectively, the "Parties") acknowledge that this

9  Order does not confer blanket protections on all disclosures or responses to

10  discovery and that the protection it affords extends only to the limited information

11  or items that are entitled under the applicable legal principles to treatment as

12  confidential.  The Parties further acknowledge, as set forth in Section 11, below,

13  that this Order creates no entitlement to file confidential information under seal;

14  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects

15  the standards that will be applied when a Party seeks permission from the Court to

16  file material under seal.

17    **1.    Scope of Order; Definitions**

18        a.    The term "Document" means all tangible items, whether written,

19  recorded or graphic, whether produced or created by a Party or another person,

20  whether produced pursuant to subpoena, to discovery request, by agreement, or

21  otherwise.

22        b.    The term "Discovery Materials" means all products of discovery

23  and all information derived therefrom, including, but not limited to, all originals

24  and copies of Documents, objects or things, deposition transcripts, responses to

25  written discovery, information, or other written, recorded or graphic matter

26  produced by a Party or third party (the "Producing Party") in the course of this

27  litigation.  This Order applies to all Discovery Materials.

28        c.    The term "Confidential" means (1) sensitive business or

- 1 -                     STIPULATED PROTECTIVE ORDER
                          NO. CV 12-CV-7099 GW (SHx)

1  scientific material or information which in the ordinary course is neither made

2  available to the general public or the industry at large, and/or which the Producing

3  Party would not normally reveal to third parties, or would cause third parties to

4  maintain in confidence, such as sales, technical product details, commercial,

5  financial, budgeting and/or accounting information, or marketing studies; or (2)

6  information that the Producing Party reasonably believes constitutes a trade secret

7  under applicable case law; or (3) other information which in the ordinary course is

8  neither made available to the general public or the industry at large and to which

9  access is restricted and efforts have been made to prevent the information from

10  being broadly disseminated; or (4) other information that the Producing Party

11  reasonably believes constitutes such highly sensitive technical or proprietary

12  business information of such Producing Party that its disclosure might result in an

13  unfair competitive, financial or commercial advantage to the Party receiving the

14  information (the "Receiving Party") or competitors or disadvantage to the

15  Producing Party, such as research, product development information, testing data

16  and analysis, information about existing and potential customers, product formulas

17  and formulations, business strategies, decisions and/or negotiations, and/or

18  confidential and proprietary information about affiliates, parents, subsidiaries and

19  third parties with whom the Parties to this action have had business relationships.

20  A Producing Party may designate material or information as "Confidential" on

21  behalf of another person or entity with whom the Producing Party has a confidential

22  business relationship pursuant to which the Producing Party has come into

23  possession, custody, or control of such material or information, and pursuant to

24  which the Producing Party is obligated to take steps to protect the confidentiality of

25  such material or information.

26          d.      The term "Confidential Discovery Materials" means all

27  Documents or Discovery Materials produced or discovered in this litigation that are

28  designated Confidential.

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

e.      This Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also all copies, excerpts, and summaries thereof, as well as testimony and oral communications containing Confidential information or information derived therefrom.

**2.      Designation of Confidential Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only"**

a.      Confidential Discovery Materials may be designated by a Party as "Confidential" or "Confidential – Attorneys' Eyes Only."  A "Confidential – Attorneys' Eyes Only" designation is appropriate only where the Confidential Discovery Materials are so extremely sensitive that there is a real danger that the Producing Party could be prejudiced, or its competitive position in the market(s) in which it operates could be damaged, if the information is disclosed under the protection provided by a "Confidential" designation.

b.      Any Document that the Producing Party intends to designate as Confidential shall bear the legend "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order".  The legend shall be affixed to each page of the Document to be designated, but shall not obscure any part of the text.

c.      The designation of "Confidential" or "Confidential – Attorneys' Eyes Only" Documents shall be made at the following time: (1) for Documents, at the time of the production of the Documents; (2) for written responses to interrogatories or requests for admissions, at the time of the written response; and (3) for declarations and pleadings, at the time they are filed.

d.      No person shall attend depositions (or portions of depositions) during which Confidential Discovery Materials are disclosed unless such person is an authorized recipient of Confidential Discovery Materials under the terms of this Protective Order.  If, during the course of a deposition, the response to a question would require the disclosure of Confidential Discovery Materials, the witness may

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

1    refuse to answer or the Producing Party or Party whose Confidential Discovery

2    Materials would be disclosed may instruct the witness not to answer or not to

3    complete his answer, as the case may be, until any persons not authorized to receive

4    Confidential Discovery Materials leaves the room.  If information disclosed during

5    depositions includes Confidential Discovery Materials, then counsel, the witness, or

6    the Party whose Confidential Discovery Materials is to be or was disclosed, may

7    state on the record at the deposition that a portion of the transcript, or if appropriate,

8    the entire transcript and record of the deposition contains Confidential Discovery

9    Materials and shall be sealed.  Additionally, pursuant to the provisions of Paragraph

10    9(b) below, a Party or nonparty may designate such Confidential Discovery

11    Materials in writing within thirty (30) days of the completion of the transcript of

12    such deposition (as certified by the court reporter).  Within forty-five (45) days of

13    the completion of the transcript of such deposition (as certified by the court

14    reporter), counsel for all the Parties shall be responsible for marking the certified

15    transcript, and in all previously unmarked copies of transcripts, the Confidential

16    Discovery Materials material by page and line number, as well as all exhibits

17    containing Confidential Discovery Materials, with a legend of "Confidential –

18    Subject to Protective Order" or  "Confidential – Attorneys' Eyes Only – Subject to

19    Protective Order" as described in Paragraph 2(b) above.  Within sixty (60) days of

20    the completion of the transcript of such deposition (as certified by the court

21    reporter), counsel for all Parties shall exchange such designated and marked

22    transcripts, as well as all exhibits, with counsel for the other Party.  Prior to the

23    expiration of such sixty (60) day period, all information disclosed during a

24    deposition shall constitute "Confidential Discovery Materials" unless otherwise

25    agreed by the parties and the witness, or ordered by the Court.

26           e.    It shall be the duty of the Party seeking protection of

27    Confidential Discovery Materials to indicate to the other party and its counsel of

28    record which of the materials and testimony are considered "Confidential."

f.      Confidential Discovery Materials shall not be disclosed in any way to persons, other than as provided for under this Protective Order.  Any person with custody of Confidential Discovery Materials shall maintain it in a manner which ensures that access to Confidential Discovery Materials is strictly limited to persons entitled to receive Confidential Discovery Materials in accordance with the provisions of this Protective Order.

**3.      Use of Confidential Discovery Materials**

a.      All Confidential Discovery Materials shall be used by the Receiving Party solely for the prosecution or defense of this litigation, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

b.      The terms of this Order shall in no way affect the right of any person: (1) to withhold or redact information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege or the work product doctrine; or (2) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

**4.      Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the Producing Party, Confidential Discovery Materials, or any portion thereof, may not be disclosed to any person, including any plaintiff, except as set forth in Paragraph 5 below.

**5.      Permissible Disclosures of Confidential Discovery Material**

a.      Notwithstanding Paragraph 4, Confidential Discovery Materials designated as "Confidential" may be disclosed to and used only by the following persons in the litigation:

(1)      A Party, or an officer, director, employee, partner, conservator, guardian, trustee or executor of a Party, to

1   the extent reasonably necessary for the prosecution or

2   defense of this litigation;

3   (2)   inside counsel for a Party and the secretaries, paralegal

4   assistants, and employees of such attorneys, to the extent

5   reasonably necessary to render professional services in

6   the litigation;

7   (3)   counsel of record for a Party to the litigation and his/her

8   partners, associates, secretaries, paralegal assistants, and

9   employees, to the extent reasonably necessary to render

10   professional services in the litigation;

11   (4)   court officials involved in the litigation, including the

12   Court and its staff, jurors, court reporters, persons

13   operating video recording equipment at depositions, and

14   any Special Master or referee appointed by the Court;

15   (5)   any person designated by the Court in the interest of

16   justice, upon such terms as the Court may deem proper;

17   after notice to the Producing Party and an opportunity to

18   be heard;

19   (6)   actual and potential trial or deposition witnesses in the

20   litigation and their counsel, to the extent reasonably

21   necessary in preparing to testify in the litigation;

22   (7)   outside consultants or experts retained by a Party or its

23   attorneys of record to assist in the litigation, such as

24   independent accountants, independent contract attorneys,

25   expert witnesses, statisticians, economists, or other

26   technical experts and/or consultants;

27   (8)   employees of third-party contractors retained by a Party

28   or outside counsel for a Party, involved solely in one or

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

1    more aspects of copying, organizing, filing, coding,
2    converting, storing, or retrieving data or designating
3    programs for handling data connected with the litigation,
4    including the performance of such duties in relation to a
5    computerized litigation support system; and

6    (9)    any other person, if consented to in writing in advance by
7    the Producing Party.

8    b.    Notwithstanding Paragraph 4, Confidential Discovery Materials
9    designated as "Confidential – Attorneys' Eyes Only" may be disclosed to and used
10   only by persons listed in Paragraphs 5(a)(2)-(8) above.

11   c.    Any plaintiff or any individual listed in Paragraphs 5(a)(6)-(8)
12   above to whom disclosure of Confidential Discovery Materials is to be made shall
13   sign a copy of the "Endorsement of Protective Order" attached as Exhibit "A" prior
14   to such disclosure, unless prior written consent for the disclosure has been obtained
15   from the Producing Party or permission for such disclosure has been given by the
16   Court.  Counsel providing access to Confidential Discovery Materials shall retain
17   copies of the executed Endorsement(s) of Protective Order.  Any party seeking a
18   copy of an Endorsement of Protective Order may make a demand in writing setting
19   forth the reasons therefor.  For testifying experts, a copy of the Endorsement of
20   Protective Order executed by the testifying expert shall be furnished to counsel for
21   the Party who produced the Confidential Discovery Materials to which the expert
22   has access, at the time the Confidential Discovery Materials are provided to the
23   testifying expert.

24   d.    Before disclosing Confidential Discovery Materials to any
25   person listed in Paragraphs 5(a)(6)-(8) who is a Customer or Competitor (or an
26   employee of either) of the Producing Party or the person or entity on whose behalf
27   the Producing Party designed the material as "Confidential", the Party wishing to
28   make such disclosure shall give at least fourteen (14) days' advance notice in

writing to the counsel who designated such information as Confidential, stating that
such disclosure will be made, identifying with particularity the Confidential
Discovery Materials to be disclosed, and stating the purposes of such disclosure.  If,
within the fourteen (14) day period, a motion is filed objecting to the proposed
disclosure, disclosure is not permissible until the Court has denied such motion.  As
used in this paragraph, (a) the term "Customer" means any direct purchaser of
products from Defendants, or any regular indirect purchaser of products from
Defendants (such as a pharmacy generally purchasing through wholesale houses);
and (b) the term "Competitor" means any manufacturer or seller of sunscreen
products other than companies owned by or related to Johnson & Johnson.

**6.      Production of Confidential Materials by Non-Parties**

Any non-party who is producing Discovery Materials in the litigation may
agree to and obtain the benefits of the terms and protections of this Order by
designating as "Confidential" the Discovery Materials that the non-party is
producing, as set forth in Paragraph 2.

**7.      Inadvertent Disclosures**

a.      Privileged Information:  The inadvertent production of any
Discovery Materials that would be protected from disclosure under the attorney-
client privilege, the work product doctrine or any other relevant privilege or
doctrine shall not constitute a waiver of the applicable privilege or doctrine.  To the
extent that the Receiving Party discovers the inadvertent production of privileged
materials, it shall contact the Producing Party regarding such inadvertent production
within twenty-four (24) hours of its discovery.  To the extent the Producing Party
discovers the inadvertent production of privileged materials, it shall contact all
Receiving Parties regarding such inadvertent production within twenty-four (24)
hours of its discovery.  The Party in possession of any inadvertently produced
Discovery Materials, upon request from the Producing Party, shall:  (1) promptly
return the inadvertently produced Discovery Materials and all copies of the

Discovery Materials in its possession, custody or control, including any copies made and/or shared with its experts, consultants, agents and other persons identified in Paragraph 5(a)(6)-(8) above; (2) delete any electronic copies or versions of the inadvertently produced Discovery Materials, including electronic copies stored in any litigation-support or other databases, email, and servers; (3) refrain from making any use of the inadvertently produced information contained in the Discovery Materials; and (4) turn over or destroy any notes or work product reflecting the contents of the inadvertently produced Discovery Materials.  To the extent the party in possession of the inadvertently produced Discovery Materials disagrees with the Producing Party that such materials are privileged or otherwise protected from disclosure, the Receiving Party shall have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege.  The Party receiving such materials, however, may not assert the fact or circumstances of the inadvertent production as a ground for such motion. Until the parties have resolved any dispute concerning the privileged nature of any inadvertently produced Discovery Materials, or the Court has issued an order concerning the disputed materials, no use shall be made of the disputed materials during depositions, in motions, or at trial, nor shall they be disclosed to any other Party or individual who was not given access to such materials before discovery of the inadvertent production.

       b.    <u>Confidential Information</u>:  The inadvertent, unintentional, or *in camera* disclosure of Confidential Discovery Materials shall not be deemed a waiver, in whole or in part, of any Party's claim of confidentiality.  Within 15 days of the discovery of such inadvertent or unintentional disclosure, any Party to this Order may advise the other Parties that the Confidential information is to be designated as Confidential Discovery Material under terms of this Order.

       c.    <u>Information Subject to Redaction</u>:  The inadvertent production of any unredacted Discovery Materials that would otherwise be subject to redaction

1  shall not be deemed a waiver, in whole or in part, of any party's claim of

2  confidentiality as to such information.

3        **8.**    **<u>Declassification</u>**

4        a.    Nothing shall prevent disclosure beyond that limited by this

5  Order if the Producing Party consents in writing in advance of such disclosure.

6        b.    A Party wishing to challenge a Designating Party's

7  confidentiality designation shall begin the process by conferring with counsel for

8  the Designating Party.  The provisions of Civil Local Rule 37 shall apply to all such

9  challenges.

10        c.    If the parties are unable to resolve the dispute amicably, the

11  Party disputing the Confidential designation may apply to the Court for a ruling that

12  a document (or category of documents) designated as Confidential is not entitled to

13  such status and protection within thirty (30) days of the Producing Party's response

14  as provided in Paragraph 8(b).  The Producing Party or other person that designated

15  the document as Confidential shall be given notice of the application and an

16  opportunity to respond.  Until the Court rules on the challenge, all parties shall

17  continue to afford the material in question the level of protection to which it is

18  entitled under the Producing Party's designation.

19        d.    If the time for filing a motion as provided in Paragraph 8(c) has

20  expired without the filing of any such motion, all objections as to the Confidential

21  status of the Confidential Discovery Materials in question shall be deemed waived.

22        **9.**    **<u>Confidential Discovery Materials in Depositions</u>**

23        a.    Counsel for any Party may show Confidential Discovery

24  Materials to a deponent during deposition and examine the deponent about the

25  materials so long as the deponent already knows the Confidential information

26  contained therein, or if the attorney proffering the Confidential Discovery Materials

27  complies with the provisions of Paragraph 5.  The Party noticing a deposition shall

28  obtain each witness' Endorsement of Protective Order before showing the deponent

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

1    any Confidential Discovery Materials.  Deponents shall not retain or copy portions

2    of the transcript of their depositions that contain Confidential information not

3    provided by them or the entities they represent unless they sign the Endorsement of

4    Protective Order and otherwise comply with the provisions in Paragraph 5.  A

5    deponent who is not a Party shall be furnished a copy of this Order before being

6    examined about potentially Confidential Discovery Materials.  While a deponent is

7    being examined about any Confidential Discovery Materials or the Confidential

8    information contained therein, persons to whom disclosure is not authorized under

9    this Order shall be excluded from being present.

10          b.     Parties and deponents may, within thirty (30) days after

11   receiving a deposition, designate pages of the transcript (and exhibits thereto) as

12   Confidential.  Confidential information within the deposition transcript may be

13   designated by underlining the portions of the pages that are confidential and

14   marking such pages with the legends listed in Paragraph 2(b) above.  Until the

15   expiration of sixty (60) days after the completion of the transcript of the deposition,

16   the entire transcript, including exhibits, will be treated as subject to Confidential

17   protection under this Order.  If no Party or deponent timely designates Confidential

18   information in a transcript as Confidential, then none of the transcript or its exhibits

19   will be treated as Confidential.  If a timely designation is made, the Confidential

20   portions and exhibits shall be kept under seal separate from the portions and

21   exhibits not so marked, and all copies of the Confidential portions and exhibits shall

22   be treated as Confidential pursuant to the terms of this Order.

23          **10.    Confidential Discovery Materials Offered as Evidence**

24          A party who seeks to introduce Confidential information at a hearing, trial or

25   other proceeding shall give advance notice to counsel for the Producing Party or

26   other person that designated the Discovery Materials or information as Confidential

27   so that person may move the Court for an appropriate order.  The proponent of the

28   evidence shall also advise the Court at the time of introduction that the information

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

sought to be introduced is protected Confidential Discovery Materials.  If the party who designated the information as protected requests the proceeding be continued, the Court will review the information, *in camera,* to determine if the information is entitled to continued protection.

### 11.   Procedure for Filing Documents Under Seal

a.   Confidential Discovery Materials shall not be filed or lodged with the Clerk except when required in connection with matters pending before the Court.

b.   No document shall be filed under seal unless counsel secures a Court order allowing the filing of a document, or portion thereof, under seal.  If a Party requests that documents be placed under seal, that Party shall follow the procedure set forth in Civil Local Rule 79-5 and the procedures of the Judge who will rule on the sealing application.

c.   Nothing contained in this Order shall preclude any party from using its own Confidential Discovery Materials in any manner it sees fit, without prior consent of any other party or the Court.  Nothing herein shall operate as any admission by any of the parties hereto that any particular materials contain or reflect trade secrets, or other confidential or proprietary information.

### 12.   Client Consultation

Nothing in this Order shall prevent or otherwise restrict any attorney herein from rendering advice to their clients in the litigation and, in the course thereof, relying generally on examination of Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraph 5.

### 13.   Subpoena by other Courts or Agencies

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has obtained under

1   the terms of this Order, the person to whom the subpoena or other process is

2   directed shall promptly notify the designating Party in writing of all of the

3   following: (1) the Confidential Discovery Materials that are requested for

4   production in the subpoena; (2) the date on which compliance with the subpoena is

5   requested; (3) the location at which compliance with the subpoena is requested; (4)

6   the identity of the entity or individual serving the subpoena; and (5) the case name,

7   jurisdiction and index, docket, complaint, charge, civil action or other identification

8   number or other designation identifying the litigation, administrative proceeding or

9   other proceeding in which the subpoena or other process has been issued.  In no

10  event shall Confidential Discovery Materials be produced prior to the receipt of

11  written notice by the designating Party and a reasonable opportunity to object.

12  Furthermore, the person receiving the subpoena or other process shall cooperate

13  with the Producing Party in any proceeding related thereto.

14          **14.**   **Non-termination**

15                  a.      The provisions of this Order shall not terminate at the

16  conclusion of this litigation.  This Order shall remain in full force and effect and

17  each person subject to this Order shall continue to be subject to the jurisdiction of

18  the United States District Court for the Central District of California, for the

19  purposes of enforcement of the confidentiality terms of this Order, in perpetuity.

20  Within forty-five (45) days after final conclusion of all aspects of the litigation, the

21  Parties shall, at their option, return or destroy Confidential Discovery Materials and

22  all copies of same.  If counsel elects to destroy Confidential Discovery Materials,

23  they shall consult with counsel for the Producing Party on the manner of

24  destruction and obtain such Party's consent to the method and means of destruction.

25  All counsel of record shall make certification of compliance herewith and shall

26  deliver the same to counsel for the Party who produced the Discovery Materials not

27  more than sixty (60) days after final conclusion of the litigation.  For purposes of

28  this Order, final conclusion shall be taken and construed as the date a dismissal

1   (whether voluntary or involuntary) or final judgment is entered.

2           b.      Counsel for the Parties shall maintain a list of the names of all

3   persons, including all experts expected to testify at trial, who inspect or view

4   confidential documents or information, or who receive any copies of such

5   confidential documents or information, and shall make a list available to the Parties

6   at the final conclusion of this litigation.

7           **15.    Responsibility of Attorneys; Copies**

8           The attorneys of record are responsible for employing reasonable measures to

9   control and record, consistent with this Order, duplication of, access to, and

10  distribution of Confidential Discovery Materials, including abstracts and summaries

11  thereof.  No duplications of Confidential Discovery Materials shall be made except

12  for providing working copies and for filing in court under seal; provided, however,

13  that copies may be made only by those persons specified Paragraphs 5(a)(2)-(4).

14  Any copy provided to a person described in Paragraphs 5(a)(1) or 5(a)(6)-(8) shall

15  be returned to counsel of record upon completion of the purpose for which such

16  copy was provided.

17          **16.    Retiring Counsel and/or Parties**

18          In the event a Party or its counsel ceases their involvement in the litigation,

19  including any appeal thereof, access by such person to the Parties' Confidential

20  Discovery Materials and Confidential Documents shall be terminated.  However,

21  the provisions of this Order shall remain in full force and effect as to all persons

22  who have obtained access to such Confidential Discovery Materials or Confidential

23  Documents, in perpetuity.  In the event of a change in counsel, retiring counsel shall

24  fully instruct new counsel of their responsibilities under this Order and new counsel

25  shall sign the Endorsement of Protective Order attached hereto as Exhibit "A."

26          **17.    No Waiver of Rights or Implication of Discoverability**

27          a.      No disclosure pursuant to any provision of this Order shall

28  waive any rights or privileges of any Party granted by this Order.

b.      This Order shall not enlarge or affect the proper scope of discovery in the litigation or any other litigation; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in the litigation or any other litigation.  Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

c.      The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection.  Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

## 18.    Modification Permitted

Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.  This Order may be modified by stipulation among all Parties, approved by the Court or by application to the Court by noticed motion.  The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative.  Nothing in this Order shall be construed as a waiver of any rights by any Party with respect to matters not specifically provided for herein.

## 19.    Improper Disclosure of Confidential Discovery Material

Any intentional violation of this Order shall constitute contempt of Court, shall be punishable as such, and shall subject the offending Party or person to such sanctions and remedies as the Court may deem appropriate.

## 20.    Exclusive Jurisdiction

This Court shall have the exclusive jurisdiction to enforce any disputes arising out of this Order.

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

APPROVED AS TO FORM:

Dated:  April 3, 2013

ELAINE A. RYAN
PATRICIA N. SYVERSON
BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.

By:   /s/ Patricia N. Syverson
Patricia N. Syverson
Attorneys for Plaintiff
Guillermina Contreras

Dated:   April 3, 2013

RICHARD B. GOETZ
AMY J. LAURENDEAU
O'MELVENY & MYERS LLP

By:   /s/ Amy J. Laurendeau
Amy J. Laurendeau
Attorneys for Defendant
Johnson & Johnson Consumer
Companies, Inc.

IT IS SO ORDERED.

Dated: April 04, 2013

_____
Hon. Stephen J. Hillman
United States Magistrate Judge

## Attestation

I hereby attest that the other signatory listed, on whose behalf the filing is submitted, concurs in the filing's content and has authorized the filing.

Dated:  April 3, 2013

By:   /s/ Amy J. Laurendeau
Amy J. Laurendeau
Attorney for Defendant

STIPULATED PROTECTIVE ORDER
NO. CV 12-CV-7099 GW (SHx)

1    BONNETT, FAIRBOURN, FRIEDMAN
     & BALINT, P.C.
2    ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
     eryan@bffb.com
3    PATRICIA N. SYVERSON (S.B. #203111)
     psyverson@bffb.com
4    2325 E. Camelback Road, Suite 300
     Phoenix, AZ 85016
5    Telephone:  (602) 274-1100

6    Attorneys for Plaintiff
     Guillermina Contreras
7

8    RICHARD B. GOETZ (S.B. #115666)
     rgoetz@omm.com
9    AMY J. LAURENDEAU (S.B. #198321)
     alaurendeau@omm.com
10   O'MELVENY & MYERS LLP
     400 S. Hope Street
11   Los Angeles, CA  90071-2899
     Telephone:  (213) 430-6000
12   Facsimile:    (213) 430-6407

13   Attorneys for Defendant
     Johnson & Johnson Consumer Companies, Inc.
14

15             **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17                 **WESTERN DIVISION**

18

19   GUILLERMINA CONTRERAS, On     Case No. 12-CV-7099 GW (SHx)
     Behalf of Herself and All Others
20   Similarly Situated,

21            Plaintiff,        **EXHIBIT A:  ENDORSEMENT OF**
                                       **PROTECTIVE ORDER**
22       v.

23   JOHNSON & JOHNSON
     CONSUMER COMPANIES, INC.,
24
                Defendant.
25

26

27

28

EXHIBIT A:  ENDORSEMENT OF
PROTECTIVE ORDER
NO. 12-CV-7099 GW (SHX)

1    I, _____, hereby attest to my understanding

2    that information or documents designated Confidential are provided to me subject

3    to the Protective Order ("Order") dated _____, 2013, in the

4    above-captioned litigation ("Litigation"); that I have been given a copy of and have

5    read the Order; and that I agree to be bound by its terms.  I also understand that my

6    execution of this Endorsement of Protective Order, indicating my agreement to be

7    bound by the Order, is a prerequisite to my review of any information or documents

8    designated as Confidential pursuant to the Order.

9    I further agree that I shall not disclose to others, except in accord with the

10   Order, any Confidential Discovery Materials, in any form whatsoever, and that such

11   Confidential Discovery Materials and the information contained therein may be

12   used only for the purposes authorized by the Order.

13   I further agree to return all copies of any Confidential Discovery Materials I

14   have received to counsel who provided them to me upon completion of the purpose

15   for which they were provided and no later than the conclusion of this Litigation.

16   I further agree and attest to my understanding that my obligation to honor the

17   confidentiality of such discovery material will continue even after this Litigation

18   concludes.

19   I further agree and attest to my understanding that, if I fail to abide by the

20   terms of the Order, I may be subject to sanctions, including contempt of court, for

21   such failure.  I agree to be subject to the jurisdiction of the United States District

22   Court for the Central District of California, for the purposes of any proceedings

23   relating to enforcement of the Order.

24   //

25   //

26   //

27   //

28   //

EXHIBIT A:  ENDORSEMENT OF
PROTECTIVE ORDER
NO. 12-CV-7099 GW (SHX)

1     I further agree to be bound by and to comply with the terms of the Order as

2   soon as I sign this Endorsement, regardless of whether the Order has been entered

3   by the Court.

4

5   Date: _____

6   By:   _____

7   Printed Name: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A:  ENDORSEMENT OF
PROTECTIVE ORDER
NO. 12-CV-7099 GW (SHX)